IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| The Wiremold Company, | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) |
| Ergotron, Inc., | ) January 12, 2017 |
| Defendant. | ) |

## COMPLAINT

Plaintiff The Wiremold Company (hereinafter "Wiremold") brings this Complaint for patent infringement against Defendant Ergotron, Inc. (hereinafter "Ergotron"). For its Complaint, Plaintiff Wiremold hereby alleges:

### Parties

1. Plaintiff Wiremold is a corporation organized under the laws of the State of Connecticut, and has its principal place of business at 60 Woodlawn Street, West Hartford, Connecticut 06110.

2. Upon information and belief, Defendant Ergotron is a corporation organized under the laws of the State of Minnesota, and has its principal place of business at 1181 Trapp Road, Eagan, Minnesota 55121.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over the claims set forth in this Complaint because this action arises under federal law, specifically, under the Patent

1

Laws of the United States, as set forth in Title 35 of the United States Code. This Court also has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

4.  Upon information and belief, this Court has personal jurisdiction over the Defendant Ergotron under the provisions of the Connecticut Long Arm Statute, Conn. Gen. Stat. § 33-929(f)(3), because Defendant Ergotron has availed itself of the privilege of conducting and soliciting business in the State of Connecticut, and the claims set forth in this action arise out of Defendant Ergotron's infringing activities in the State of Connecticut among other states, such that it would be reasonable for this Court to exercise personal jurisdiction over Defendant Ergotron.

5.  Venue in this District is appropriate pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(b), because Defendant Ergotron has committed acts of infringement in this District and has sold or offered for sale infringing products in this District.

## Facts

6.  On November 10, 2015, U.S. Patent No. 9,184,579, entitled "Wall Grommet for Power Connection" (hereinafter "the '579 Patent"), was duly and legally issued to Plaintiff Wiremold by the United States Patent and Trademark Office, on an application filed by Daron Callahan, Peter M. Schneider, David Singer and Kenneth J. Buras on July 30, 2014.

7.  A true and correct copy of the '579 Patent is attached hereto as Exhibit A.

8.  Plaintiff Wiremold is the owner by assignment of the '579 Patent from the inventors, Daron Callahan, Peter M. Schneider, David Singer and Kenneth J. Buras executed in December 2011 and recorded with the United States Patent and Trademark Office at reel 033919, frame 0176 on October 9, 2014.

9. Plaintiff Wiremold designs, manufactures, sells and distributes, *inter alia,* a full range of wire and cable management products, including but not limited to wall grommet kits for routing power cords.

10. Upon information and belief, Defendant Ergotron makes, uses, sells, offers for sale and/or imports within or into the United States kits for routing power cords within a wall structure that infringe one or more claims of the '579 Patent, including a product that Defendant Ergotron refers to as the "OmniMount In-Wall Power & Cable Management Kit (SCTVPK)" (hereinafter "the SCTVPK product").

11. The SCTVPK product manufactured and sold by Defendant Ergotron infringes at least independent claim 6 of the '579 Patent.

12. Specifically, as set forth in claim 6 of the '579 Patent, Defendant Ergotron's SCTVPK product constitutes a kit for routing a power cord inside a wall, comprising: (i) a power cord terminating with a first electrical connector at a first end and terminating with a second electrical connector at a second end; (ii) a first wall grommet comprising a housing configured to enclose and secure the first electrical connector of the power cord; (iii) a second wall grommet comprising a housing configured to enclose and secure the second electrical connector of the power cord; and (iv) wherein each of the first wall grommet and second wall grommet is configured to be mounted on a wall, such that the power cord can be routed through an interior space of the wall and retained inside the wall.

## Count I
## Patent Infringement

13.     Plaintiff Wiremold realleges and restates each and every allegation set forth in paragraphs 1-12 inclusive, and incorporates them herein by reference.

14.     Defendant Ergotron has infringed and is still infringing the '579 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale or importing certain products covered by at least one claim of the '579 Patent in this District and elsewhere in the United States.

15.     Defendant Ergotron's infringement of the '579 Patent has irreparably damaged Plaintiff Wiremold in an amount that is unknown and cannot at the present time be ascertained, and will cause added injury and loss unless this Court enjoins Defendant Ergotron.

## Prayer for Relief

WHEREFORE, Plaintiff Wiremold seeks judgment as follows:

1.     That this Court declare that the '579 Patent is valid and infringed by Defendant Ergotron.

2.     That this Court preliminarily and permanently enjoin Defendant Ergotron, and anyone acting in concert with it, from infringing the '579 Patent as provided in 35 U.S.C. § 283, and specifically bar Defendant Ergotron, and anyone acting in concert with it, from making, using, selling or offering for sale in the United States, or importing into the United States, products that infringe the '579 Patent.

3.     That this Court award Plaintiff Wiremold damages, as provided in 35 U.S.C. § 284, in an amount adequate to compensate Wiremold for Defendant Ergotron's infringement of the '579 Patent.

    4.    That this Court declare this case exceptional and award Plaintiff Wiremold its costs in this Complaint, together with reasonable attorneys' fees as provided in 35 U.S.C. § 285, 17 U.S.C. § 505, 15 U.S.C. § 1117(a), and/or Conn. Gen. Stat. § 42-110g(d).

    5.    That Plaintiff Wiremold be awarded such other and further relief, general and special, at law or in equity, which this Court, in its discretion, may deem just and proper.

### Jury Demand

Plaintiff Wiremold hereby demands a jury trial.

Respectfully submitted

**PLAINTIFF,**
**THE WIREMOLD COMPANY**

Dated: January 12, 2017

By: / s / Marina F. Cunningham
    Marina F. Cunningham (ct19475)
     cunningham@ip-lawyers.com
    John C. Linderman (ct04291)
     lind@ip-lawyers.com
    McCormick, Paulding & Huber, LLP
    CityPlace II, 185 Asylum Street
    Hartford, CT  06103
    Tel.:  (860) 549-5290
    Fax:  (860) 527-0464

Its Attorneys